UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 07-22383-CIV-COOKE/BROWN

TERESA PEREZ,

    *Plaintiff,*

v.

ALBERTO GONZALEZ, *et al.,*

    *Defendants.*

_____/

## ORDER REMANDING CASE TO USCIS

This matter is before me on Defendants' Motion for Remand [D.E. 6], filed on November 13, 2007. For the reasons set forth below, Defendants' Motion to Remand is granted in part.

### I. BACKGROUND

Teresa Perez filed an application for naturalization with the USCIS on February 26, 2004. She was interviewed in connection with her application on December 2, 2004. To date, her application has not been adjudicated because the security background checks remain pending.

### II. ANALYSIS

Defendants want this case remanded to the USCIS for further processing of Plaintiff's application for naturalization without any specific time frame within which to complete the process. They argue that the F.B.I. lacks the resources necessary to conduct all the background checks it needs to conduct in connection with such applications. Plaintiff objects to Defendants' suggestion that the case be remanded without a time limit to complete the background checks. I agree with Plaintiff that a specific time frame within which to complete the process should be given.

8 U.S.C. § 1447(b) states:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

The statute, therefore, envisions that determinations on naturalization applications will be made within 120 days after the examination is conducted.

In support of their argument that this matter should be remanded without any further direction to the USCIS, Defendants cite non-binding authority from courts in New Jersey, Minnesota, Pennsylvania, Missouri and Ohio. On the other hand, there are several cases from this district, which, although also non-binding, I find highly persuasive, that remand cases to the USCIS with strict instructions to adjudicate the applications within 120 days. *See*, *e.g.*, *Silbei De Donado v. Swacina*, 486 F.Supp.2d 1360, 1365 (S.D. Fla. 2007); *Paez v. Gonzales*, No. 07-21625-Civ-Ungaro (S.D. Fla. Aug. 9, 2007); *Dumiengo v. Gonzales*, No. 07-20829-Civ-Ungaro (S.D. Fla. June 11, 2007); *Ruiz v. Gonzales*, No. 07-20025, 2007 WL 3023567, at *3 (S.D. Fla. Oct. 15, 2007); *Malakhov v. USCIS*, 06-22299-Civ-Jordan (S.D. Fla. Dec. 7, 2006). I am, therefore, remanding the matter to USCIS with directions that Ms. Perez's application be adjudicated within 120 days.

### III. CONCLUSION

Accordingly, I order and adjudge as follows:

1.   Defendants' Motion for Remand [D.E. 6] is granted in part.

2.   This matter is remanded to the USCIS for prompt adjudication of Ms. Perez's application for naturalization.

3.   If the USCIS has not rendered a decision on Ms. Perez's application by March 29, 2008, Ms. Perez shall file a notice with the Court setting forth the status of the application. Upon

receipt of the notice, the Court will consider reopening this matter and adjudicating Ms. Perez's application in accordance with 8 U.S.C. § 1447(b). Should a resolution favorable to Ms. Perez be reached prior to that, Ms. Perez shall file for final dismissal.

4. This case is administratively closed. All pending motions not otherwise ruled on are denied as moot.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 28th day of November 2007.

MARCIA G. COOKE
United States District Judge

cc:
*The Honorable Stephen T. Brown*
*Counsel of record*